IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1916 |
| | : | |
| ROBERTA E. VARGAS, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                  **October 17, 2007**

Allstate Insurance Company asks this Court for a declaratory judgment it has no duty to defend or indemnify its insured against claims arising from criminal acts. Deanna Medina and the administrator of the estate of Allstate's insured argue as long as a negligence claim survives in the underlying state action,[1] Allstate has a duty to, at least, defend its insured. Because I find the exclusion of coverage for criminal acts applies, I will grant Allstate's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).

**FACTS**[2]

Roberta E. Vargas is the administrator of the estate of Russell A. Good. Deanna Medina sued the Good Estate in Lehigh County court after Good lured Medina to his house where he assaulted and raped her on October 17, 2005. Good committed suicide while leaving a voice message for

---

[1]Defendants do not argue there is coverage for their remaining claims alone. The factual allegations supporting their claims for intentional infliction of emotional distress, assault, battery, and rape and sexual battery are intentional acts, and the claim for negligent infliction of emotional distress does not meet the definition of "bodily injury" in the policy.

[2]When I consider a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), as under Rule 12(b)(6), I accept all allegations in, and reasonable inferences from, the Complaint as true and view them in the light most favorable to the nonmoving parties. *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986).

1

Medina.

Medina sued the Good Estate alleging assault, battery, intentional infliction of emotional distress, rape and sexual battery, negligent infliction of emotional distress, and negligence. Good had been the named insured of an Allstate homeowner's insurance policy. Two months later, Allstate asked this Court to declare it does not have a duty to defend or indemnify the Good Estate for Medina's claims in state court.

**DISCUSSION**

This Court may only grant a Rule 12(c) motion "if the moving party establishes that no material issues of fact remain and that it is entitled to judgment as a matter of law." *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986). Pennsylvania law applies to this *Erie*-bound[3] case.

An insurer's duty to defend or indemnify an action brought by a third party against its insured is determined solely by the allegations contained in the third party's pleadings. *Nationwide Mut. Fire Ins. Co. of Columbus v. Pipher*, 140 F.3d 222, 225 (3d Cir. 1998); *Allstate Ins. Co. v. Lombardi*, 142 Fed. Appx. 549, 550-51 (3d Cir. 2005). The particular cause of action pleaded, however, is not determinative; it is necessary to look at the factual allegations in the complaint. *Mutual Benefit Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999) "[T]o allow the manner in which the complainant frames the request for redress to control . . . would encourage litigation through the use of artful pleadings designed to avoid exclusions in liability insurance policies." *Id*.

Allstate does not have a duty to defend or indemnify the Good Estate because Good's actions on October 17, 2005 did not constitute an "occurrence" within the meaning of Allstate's policy and

---

[3]*Erie Railroad Company v. Tompkins,* 304 U.S. 64, 78 (1938).

were excluded by the policy's intentional or criminal act exclusions. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." Pl's Comp. Ex. A. The policy also provides it does not cover "any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional criminal acts or omissions of any insured person . . . even if [s]uch insured person lacks the mental capacity to govern his or her conduct [or] [s]uch bodily injury . . . is of a different kind or degree than that intended or reasonably expected." *Id.*

In *Pipher*, 140 F.3d 225-26, the complaint alleged the negligence of the insured allowed the intentional act of a third party which resulted in the death of the complainant. The Court concluded from the standpoint of the insured, the assault and death of the complainant was "unexpected, entirely fortuitous, and, therefore, an accident." *Id.* "An insured intends an injury if he desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result." *Wiley v. State Farm Fire & Casualty Co.*, 995 F.2d 457, 460 (3d Cir. 1993).

Here, the factual allegations do not aver an accident occurred or Good behaved negligently; rather, the actions alleged constitute intentional torts. The factual allegations are plain the October 17, 2005 incident was the result of Good's plan to lure Medina to his house and intent to sexually assault her, not the result of an accident. As such, Good's actions did not constitute an "occurrence" within the meaning of Allstate's policy and are excluded by the policy's exclusion of coverage for criminal acts.

The Defendants argue so long as Medina's negligence claim survives in the state action,

Allstate has a duty to defend or indemnify the Good Estate.  To the contrary, the duty to defend or indemnify is determined solely by the pleading's allegations.  *Pipher*, 140 F.3d at 225.  The mere pleading of negligence does not control whether coverage has been triggered.  *Haver*, 725 A.2d at 745.  Moreover, no discovery is required.  *See id.* at 747.  There need not be evidence on the record to determine whether Allstate has a duty to defend or indemnify the Good estate.  *See id.*

*Allstate Ins. Co. v. Sanchez*, 2003 WL 22100865 (E.D. Pa. Jul. 30, 2003), a case on which Medina relies, is distinguishable from this case.  In *Sanchez*, Heather Taras alleged she was pressured into taking drugs and raped by four males including Robin Sanchez, an insured of an Allstate homeowner's insurance policy.  Sanchez later submitted an affidavit claiming he was not present when Taras took any drugs and he may have misinterpreted whether Taras was consenting to the sexual activities.  *Id.* at *4.  Because there were material questions of fact as to whether Sanchez's actions were negligent or intentional, the Court determined Allstate was obligated to defend until such time as the factual disputes were resolved, or until the underlying action had been fully litigated.  *Id.* at *6.

Here, there are no material questions of fact as to whether Good's actions were negligent or intentional.  The incident was the result of Good's plan to lure Medina to his house where, despite her continued resistance, he attacked her.

Good's actions did not constitute an "occurrence" within the meaning of Allstate's policy and are excluded by the policy's exclusion of coverage for criminal acts.  Thus, Allstate does not owe a duty to defend or indemnify its insured, the Good Estate, against Medina's Complaint.

An appropriate order follows.